FILED
United States Court of Appeals
Tenth Circuit

July 13, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ANTHONY CHRISTOPHOR
AMESQUITA,

           Petitioner - Appellant,

    v.

COMMISSIONER OF INTERNAL
REVENUE,

           Respondent - Appellee.

No. 11-9004

(T.C. No. 11644-10L)
(United States Tax Court)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Anthony C. Amesquita (Taxpayer) challenged a lien filed by the Internal

Revenue Service (IRS) by requesting a collection-due-process (CDP) hearing

before the IRS Office of Appeals.  The office sustained the notice of lien and

Taxpayer filed a petition in Tax Court.  The Commissioner of the IRS (the

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Commissioner) moved for summary judgment. The Tax Court, noting that Taxpayer's response to the motion failed to address its merits, granted summary judgment for the Commissioner. Taxpayer appeals. We have jurisdiction under 26 U.S.C. § 7482(a)(1) and affirm. Contrary to Taxpayer's assertions, the Tax Court presented him with an adequate opportunity to present his case and the Office of Appeals' rejection of his proposed installment agreement did not deprive him of due process.

## I.      IRS COLLECTION PROCEDURES

If a taxpayer neglects or refuses to pay his taxes after assessment, notice, and demand, a lien arises in favor of the United States "upon all the property and rights to property" belonging to the taxpayer. 26 U.S.C. § 6321; *see Drye v. United States*, 528 U.S. 49, 55 (1999) ("[T]o satisfy a tax deficiency, the Government may impose a lien on any 'property' or 'rights to property' belonging to the taxpayer."). Before the Commissioner may levy on the taxpayer's property, however, he must notify the taxpayer of the right to request a CDP hearing before the Office of Appeals. *See* 26 U.S.C. § 6320(a), (b); *id.* § 6330(a), (b); T.D.O. No. 150-10 (Apr. 22, 1982) (delegating to Commissioner the enforcement authority of the Secretary of the Treasury under Internal Revenue Code). The settlement officer (also known as the appeals officer) must determine whether the "proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the [taxpayer] that any collection action be no more

-2-

intrusive than necessary." 26 U.S.C. § 6330(c)(3)(C); *see Living Care Alternatives of Utica, Inc. v. United States*, 411 F.3d 621, 624–25 (6th Cir. 2005). At the CDP hearing a delinquent taxpayer can submit, among other collection alternatives, a proposed installment-payment plan to satisfy the tax liability. *See* 26 U.S.C. § 6330(c)(2)(A)(iii).

Ordinarily, as here, the Commissioner "has the discretion to accept or reject any proposed installment agreement." 26 C.F.R. § 301.6159-1(c)(i). Acceptance or rejection of a proposed installment plan is to be "based on the taxpayer's current financial condition." *Taylor v. Comm'r*, T.C. Memo 2010-213, 2010 WL 3835744, at *3 (Sept. 30, 2010). The IRS computes the taxpayer's ability to make monthly payments by subtracting his monthly expenses from his monthly income. To ensure consistency in the computation of expenses, the Internal Revenue Manual provides national and local standards for basic needs, such as groceries and household expenses, medical expenses, housing, and transportation. *See* Financial Analysis Handbook, Internal Revenue Manual (IRM) ¶ 5.15.1.1(5). A deviation from the expense standards may be allowed if the taxpayer can demonstrate that the standard amount is inadequate to provide for his basic living expenses. *See* IRM ¶ 5.15.1.7(5). After an adverse decision at a CDP hearing, the taxpayer has 30 days to appeal to the Tax Court. *See* 26 U.S.C. § 6330(d)(1).

## II.    TAXPAYER'S PROCEEDINGS

On October 6, 2009, the IRS sent Taxpayer a "Notice of Federal Tax Lien Filing" for unpaid income-tax liabilities for 2000, 2001, 2002, 2003, 2005, 2006, and 2008, totaling more than $73,000.  He filed a timely request for a CDP hearing, and a settlement officer in the Office of Appeals sent him a letter scheduling his hearing (by telephone) for April 8, 2010.  The letter informed him that the settlement officer could not consider alternative collection methods, such as an installment agreement, unless he filed all required tax returns and submitted a completed Collection Information Statement for Wage Earners and Self-Employed Individuals (Form 433-A), along with required documentation, by March 24.

On March 24 Taxpayer faxed the Office of Appeals a completed Form 433-A with attached financial information.  The submissions reflected a monthly income of $3,950 and expenses of $2,300, composed of $800 for food and clothing, $1,200 for housing and utilities, $200 for vehicle transportation, and $100 for out-of-pocket health-care.  This left him a net disposable income of $1,650.

During the April 8 telephonic hearing, however, the settlement officer informed Taxpayer that she had computed from his financial information that he could pay $2,167 per month.  She calculated this figure from his stated monthly income and expenses, except that she disallowed expenses exceeding the Internal

Revenue Manual's guidelines for a household of one in Dona Ana County, New Mexico. The guidelines' monthly allocations are $526 for food, clothing, and miscellaneous expenses; $997 for housing and utilities; and $60 for out-of-pocket health-care costs, which totaled $517 less than Taxpayer claimed for those expenses. Although the settlement officer notified Taxpayer that she might be able to consider additional out-of-pocket expenses if he could substantiate them, he did not follow up on this offer. Nor did he challenge the propriety of the tax lien or the use of the standard tables to compute his monthly disposable income. Instead, he stated simply that he could pay $1,200 a month, $450 less than what his own Form 433-A indicated as his monthly disposable income.

On April 22, 2010, the Office of Appeals sent Taxpayer a notice of determination sustaining the filing of the tax lien and the collection action. It said that "consideration of a proposed collection alternative of an installment agreement or other less intrusive methods of collection [was] not possible." R., Doc. 8, Ex. A attach. 4.

Taxpayer filed a timely petition in the Tax Court challenging the notice of determination. He argued that it was not feasible for him to pay $2,200 per month, and that he would not have the IRS "[d]ictate [his] standard of living." The Commissioner answered the petition, and then moved for summary judgment. Taxpayer filed a one-page, two-sentence response stating: "I do not think it is my best interest to dismiss my case. I object to the dismal [sic] motion." *Id.*, Doc.

10. In a one-page decision noting that Taxpayer had not "addressed the merits of the motion," the Tax Court granted the summary-judgment motion and ordered that the Commissioner may proceed with the collection action. *Id.*, Doc. 11.

## III. ISSUES ON APPEAL

As best we can understand the pro se Taxpayer's brief in this court, he is advancing two arguments why the Tax Court erred in upholding the Office of Appeals' determination. He first argues that the Tax Court "did not look at all [the] information pertaining to [his] case" and did not give him "an opportunity to present information." Aplt. Br. at 4. This argument is plainly wrong. Rather than properly responding to the Commissioner's motion for summary judgment, he just punted. He provides no reason why he could not have presented his best arguments to the Tax Court.

Second, Taxpayer seems to argue that the Office of Appeals violated his right to due process because the dispute had continued for more than four years and his offer of compromise was not processed in the same manner as an earlier offer. But because no such argument was raised before the Tax Court, we need not address it. *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1175 (10th Cir. 2005) (Because the "plaintiff never raised his . . . objections . . . below, despite ample opportunity to do so," his argument was waived. (brackets and internal quotation marks omitted)). In any event, our above discussion of the proceedings after the

notice of lien amply demonstrates that Taxpayer was treated fairly and within the boundaries of due process.

## IV.   CONCLUSION

We AFFIRM the decision of the Tax Court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge